# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-94


**BILLY MARTIN**

**VERSUS**

**DOERLE FOOD SERVICES, LLC AND
GREAT AMERICAN INSURANCE COMPANY**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 19-02336
HONORABLE ADAM C. JOHNSON
WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

**CHARLES G. FITZGERALD
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Candyce J. Perret, Sharon Darville Wilson, and Charles G. Fitzgerald, Judges.


**AFFIRMED.**

**Richard A. Weigand**
**416 Gravier Street, Floor 3**
**New Orleans, Louisiana 70130**
**(504) 568-1256**
**Counsel for Plaintiff/Appellant:**
  **Billy Martin**

**B. Scott Cowart**
**4041 Essen Lane, Suite 500**
**Baton Rouge, Louisiana 70809**
**(225) 387-9888**
**Counsel for Defendants/Appellees:**
  **CTD Legacy, LLC (formerly known as Doerle Food Services, LLC) and Great American Insurance Company**

**FITZGERALD, Judge.**

In this workers' compensation matter, the injured employee appeals a judgment denying his request for penalties and attorney fees.

### FACTS AND PROCEDURAL HISTORY

Billy Martin was injured in a forklift accident while working for his employer, Doerle Food Services, LLC. Doerle deemed the accident compensable and paid Martin workers' compensation indemnity benefits until a dispute arose as to whether Martin was able to return to work.

In early 2019, the Office of Workers' Compensation appointed Dr. Wayne Lindemann to conduct an independent medical evaluation (IME) of Martin. Dr. Lindemann concluded that Martin could return to work without restrictions. Relying on the IME report, Doerle terminated Martin's benefits.

In response, Martin filed a disputed claim against Doerle, seeking penalties and attorney fees for terminating the benefits. Doerle answered the claim and requested a preliminary hearing. Martin, in turn, moved to strike Dr. Lindemann's IME report.

The preliminary hearing was held in October 2019. Although the Workers' Compensation Judge (WCJ) struck the IME report and reinstated Martin's benefits from the date of termination, the WCJ found that Doerle's "discontinuance of indemnity benefits was not arbitrary, capricious, or without probable cause." Thus, Martin's claim for penalties and attorney fees was denied. Martin appealed.

On appeal, Martin asserts that the WCJ erred in denying his claim for penalties and attorney fees.[1]

---

[1] Doerle answered the appeal, assigning as error the WCJ's ruling on the continuation of "safe harbor" protection under La.R.S. 23:1201.1. This assignment is moot based on our decision to affirm the WCJ's denial of penalties and attorney fees.

**DISCUSSION**

A claimant is entitled to an award of statutory penalties and attorney fees if the employer discontinues benefits and "such discontinuance is found to be arbitrary, capricious, or without probable cause[.]" La.R.S. 23:1201(I). The Louisiana Supreme Court has explained that "[a]rbitrary and capricious behavior consists of willful and unreasoning action, without consideration and regard for facts and circumstances presented, or of seemingly unfounded motivation." *Brown v. Texas-LA Cartage, Inc.*, 98-1063, pp. 8-9 (La. 12/1/98), 721 So.2d 885, 890.

"In determining whether an employer's actions are arbitrary and capricious, the crucial inquiry is whether the employer can articulate an objective reason for terminating benefits at the time of the termination." *Doyal v. Vernon Par. Sch. Bd.*, 06-1088, p. 10 (La.App. 3 Cir. 2/7/07), 950 So.2d 902, 909, *writ denied*, 07-832 (La. 6/15/07), 958 So.2d 1190. "Since the determination of whether an employer was arbitrary and capricious is essentially a question of fact, it is subject to the manifest error or clearly wrong standard of review." *Id.*

Martin argues that Dr. Lindemann's IME report was flawed and biased, such that Doerle's reliance on the report to discontinue benefits amounted to arbitrary and capricious behavior.

On the other hand, Doerle asserts that the IME report provided an objective basis for terminating Martin's benefits. Doerle notes that Dr. Lindemann performed a full physical examination of Martin, rather than simply a records review. Doerle also notes that Dr. Lindemann was unequivocal in concluding that Martin could return to work without restrictions. Indeed, Dr. Lindemann found that Martin had fully recovered from his injuries; that Martin did not need any "further physical therapy, injections, medical management, or medications"; and that Martin's subjective complaints were out of proportion to the objective findings. And because

2

of what Dr. Lindemann perceived as "severe symptom magnification," he even recommended that Martin be put under video surveillance. It was this recommendation which led the WCJ to strike Dr. Lindemann's report: the recommendation went beyond the scope of the IME. Nevertheless, Doerle insists that the WCJ's ultimate decision to strike the report has no bearing on whether the decision to terminate Martin's benefits was objectively reasonable when made.

Martin, however, attempts to liken this situation to the facts presented in *Miles v. F.D. Shay Contractor, Inc.*, 626 So.2d 74, 78 (La.App. 3 Cir. 1993). In that case, the employer terminated benefits based on a report from the employee's physician. The physician in *Miles* expressed uncertainty as to whether the employee's complaints were related to his workplace accident or some other accident. On those facts, this court held that "[a]n injured employee may not be cut off from compensation benefits on the basis of inconclusive medical reports[.]" *Id.* at 78.

By contrast, Dr. Lindemann is a board certified Independent Medical Examiner who issued a detailed report after reviewing Martin's medical records, taking an oral history, and conducting a full physical examination. Although Dr. Lindemann was somewhat overzealous in expressing his belief that Martin was not nearly as injured as he portrayed, the report itself is conclusive.

Next, Martin attempts to equate Doerle's conduct to that of the employer in *Brown v. Shop Rite, Inc.*, 11-727 (La.App. 3 Cir. 11/2/11), 75 So.3d 1002, *writ denied*, 11-2647 (La. 2/10/12), 80 So.3d 480. There, the injured employee's orthopedist initially concluded that the employee was totally incapacitated. Three weeks later, without re-examining the employee, the same orthopedist concluded just the opposite: that the employee "could return to full-duty work status and without any restrictions." *Id.* at 1005. The employer then terminated the employee's benefits. On those facts, this court held that the employer's reliance on portions of

3

the physician's "internally inconsistent reports" without seeking clarification or investigating the discrepancies was arbitrary. *Id.* at 1011.

Unlike *Brown*, there are no internal inconsistencies in Dr. Lindemann's report. He was adamant that Martin had completely recovered from his injuries, and that Martin was physically able to return to work at full duty.

In conclusion, we hold that Doerle's reliance on the conclusive report of a court appointed, board certified IME physician was objectively reasonable and therefore did not rise to the level of being arbitrary or capricious. Accordingly, the WCJ did not manifestly err in denying Martin's claim for penalties and attorney fees.

## DECREE

For the foregoing reasons, the judgment of the Workers' Compensation Judge is affirmed. All costs of this appeal are assessed to Billy Martin.

**AFFIRMED.**